IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEVIN LUNDY, R21613, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTHONY WILLS, | ) | |
| MARCELUS R. OTTENSMEIER, | ) | |
| JOSHUA A. SCHOENBECK, | ) | Case No. 24-cv-2572-DWD |
| ANTHONY B. JONES, | ) | |
| YVETTE BAKER, | ) | |
| M. SEVERS, | ) | |
| JOHN DOE 1, | ) | |
| JOHN DOE 2, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Kevin Lundy, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Lawrence Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights related to disciplinary proceedings in May of 2022 at Menard Correctional Center (Menard). Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 21) were dismissed for failure to state a claim, and his Second Amended Complaint (Doc. 23) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from

a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. §
1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally
construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Second Amended Complaint

Plaintiff again challenges the validity of disciplinary proceedings at Menard in
2022.  His allegations are largely repetitive of his first two complaints, and the legal
sufficiency of these allegations have been discussed at length in the Court's previous
Orders (Docs. 9, 22).  In short, Plaintiff complains that he did not have adequate notice of
the charges against him because confidential informants were relied upon, and the
outcome of the disciplinary proceedings was essentially predetermined because inmates
are regularly found guilty by the disciplinary committee members.

The area of Plaintiff's Second Amended Complaint that contains further
meaningful detail is the portion about his conditions of confinement.  In this section, he
now alleges that he spent 2 weeks in a cell covered in mace, feces, and blood, with biting
bugs and little to no air ventilation.  He claims a significant portion of the door was
plexiglass, and that the other portion was perforated metal, but that the openings were
not big enough to allow the vent to circulate air during the hot summer temperature.
Light was on 24 hours per day.  He had permits for low bunk and low gallery, but his cell
was on a high gallery, meaning he had to traverse stairs in pain.  He slept on a metal
bedframe covered with mace, blood and feces, and without a mattress or pillow, which
exacerbated back and shoulder issues.  The toilet was broken and contained human waste
when he was placed in the cell.  He alleges he immediately wrote Wills about it and,

when he saw Wills in-person, Wills acknowledged receipt of his letter and vowed to investigate.  He alleges that he also personally alerted Jones to his plight, but Jones declined help.

Plaintiff was moved to a second cell on a low gallery after two weeks, but it was still infested with biting flies and spiders.  The walls were covered in feces, and the toilet broke two days into his stay in the cell.  The showers were upstairs, so he had to painfully ascend if he wished to shower.  He directly spoke to Jones about the issues and Jones said he would not relocate him.  Plaintiff also wrote Wills but got no answer.  He remained in the cell for two weeks, during which time he also endured loud banging and screaming.

After the four weeks in these two cells, Plaintiff complains that he was subsequently moved to two different undesirable cellhouses and was not restored to his previous living conditions.  He does not associate these moves with particular defendants.  He complains that the defendants' conduct amounted to intentional infliction of emotional distress.  He alleges that Wills has allowed a pattern and practice of denying inmates due process during disciplinary proceedings, resulting in 95% of individuals being found guilty of disciplinary infractions.  Plaintiff seeks injunctive relief mandating that due process procedures be followed, and monetary compensation.

Based on the allegations in the Second Amended Complaint, the Court will designate the following claims:

**Claim 1:** **Fourteenth Amendment Due Process claim against all Defendants concerning Plaintiff's May 2022 disciplinary ticket that resulted in one month of segregation;**

Claim 2:    Intentional infliction of emotional distress claim related to the disciplinary process;

Claim 3:    Eighth Amendment conditions of confinement claim against Wills and Jones for the filth, lack of bedding, lack of a functional toilet, and pests Plaintiff experienced in his two cell placements during the one month of segregation.

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court.  Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

As the Court has previously explained at length, an inmate who does not lose good time credit is entitled only to informal due process protections.  Informal due process requires only that an inmate is provided (1) notice of the reasons for his placement in segregation, (2) and an opportunity to present his views in a written statement or hearing. *Ealy v. Watson*, 109 F.4th 958, 965 (7th Cir. 2024).  Plaintiff argues at length that he did not receive adequate notice of the charges against him, but his own evidence refutes this claim.  In healthcare notes that he attached to his Second Amended Complaint, Plaintiff can be seen reporting to healthcare staff that he received his ticket on May 26, 2022, and wanted staff to "review the cameras to make sure that's what was said."  (Doc. 23 at 17). This statement does not suggest that Plaintiff was unaware of the charges against him, or unable to mount a defense.  He also provided the disciplinary report, which detailed the

incident alleged, and included his own written statements to counter the factual allegations of the report on the bottom portion meant for an inmate to request witnesses or state his position. (Doc. 23 at 20). The contents of the report and Plaintiff's own statement on the ticket demonstrate that he had notice of the events surrounding his discipline and that he actively disagreed with it. Against this backdrop, Plaintiff received informal due process protections and Claim 1 is now dismissed with prejudice.

To the extent Plaintiff attempted to present accompanying claims, such as allegations about the grievance process and this discipline, or overall disciplinary policies or customs at Menard, those claims are dismissed for failure to state a claim in light of the lack of a due process claim related to the discipline itself. It is worth noting that Plaintiff's disciplinary outcome was ultimately altered via action from the Administrative Review Board. (Doc. 23 at 19). His short term of segregation, and this ultimate resolution of issues surrounding his discipline, further detract from the notion that he was denied all process and that the grievance process afforded no relief. The Court declines supplemental jurisdiction over Claim 2, alleging the intentional infliction of emotional distress related to the disciplinary proceedings.

Turning to the conditions of confinement, the conditions Plaintiff describes in his two segregation cells are sufficient to proceed beyond initial review. He alleges filth from human waste, bodily fluids, and mace, as well as pervasive bugs. He also claims his segregation cells were placed such that he was forced to traverse stairs, which caused him pain. He complains of 24/7 lighting for two of the weeks, and loud banging and screaming for at least two of the weeks.

To establish a conditions of confinement claim, an inmate must establish (1) a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measure of life's necessities, and (2) where prison officials are deliberately indifferent to this state of affairs. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016), *citing Farmer v. Brennan*, 511 U.S. 825, 824 (1994). Conditions may be considered collectively when analyzing a conditions of confinement claim, and the duration of the allegedly harmful conditions is relevant to the existence of an Eighth Amendment violation. *Id.* Many of these conditions standing alone are not sufficient to give rise to an Eighth Amendment conditions of confinement claim, but they must also be considered collectively. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009).

Here, Plaintiff complains of filthy conditions, a pest infestation, being forced to sleep on a metal bunk without a mattress or pillow, constant light and noise, inadequate ventilation, and being forced to traverse staircases in pain. Together, these conditions may be sufficient to support an Eighth Amendment claim, although he has not been particularly clear about the physical impacts. He alleges repeated painful bug bites in his first cell, as well as pain from existing neck and shoulder issues caused by the lack of a mattress and pillow. He also alleges that the constant noise was torturous. Ultimately, he will need to establish a discrete physical harm to qualify for compensatory damages. *See e.g., Gray v. Hardy*, 826 F.3d 1000, 1007-08 (7th Cir. 2016) (discussing the PLRA's

physical injury requirement for compensatory damages, as well as the availability of punitive and nominal damages if an inmate can only establish psychological harm). For now, Plaintiff may proceed on Claim 3 against Defendants Wills and Jones, whom he alleges he notified in person and in writing about his conditions.

### Disposition

**IT IS HEREBY ORDERED THAT Claim 3** of the Second Amended Complaint (Doc. 23) survives against Defendants Jones and Wills. By contrast, **Claims 1 and 2** are insufficient against all defendants. The Clerk of Court shall **TERMINATE** Defendants Ottensmeier, Schoenbeck, Baker, Severs, and John Does 1 and 2.

The Clerk of Court is **DIRECTED** to prepare for Defendants Anthony Wills and Anthony B. Jones: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 23), and this Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation

of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will likely involve the exchange of medical records.

**IT IS SO ORDERED.**

Dated: November 17, 2025

/s/ *David W. Dugan*

_____

DAVID W. DUGAN
United States District Judge

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.